# 14-1846

## United States Court of Appeals
## For the Second Circuit

---------♦---------

SWINTON BROWN,

*Plaintiff-Appellant,*

v.

WELLS FARGO BANK, N.A., TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST 2007-6 ASSET-BACKED
CERTIFICATES, SERIES 2007-6, RICHARD A. GERBINO, ESQ.,
ADAM SPEREGEN, ESQ., STEVEN SCHLESINGER,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE
## WELLS FARGO BANK, N.A., TRUSTEE

HINSHAW & CULBERTSON LLP
*Attorneys for Defendant-Appellee*
*Wells Fargo Bank, N.A., Trustee for*
*Option One Mortgage Loan Trust 2007-6*
*Asset-Backed Certificates, Series 2007-6*
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 471-6200

# **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF ISSUES .......................................................................................2

STATEMENT OF THE CASE .................................................................................2

SUMMARY OF ARGUMENT .................................................................................2

STATEMENT OF FACTS ........................................................................................3

ARGUMENT .............................................................................................................6

    POINT I

    THE DISTRICT COURT PROPERLY FOUND THAT
    IT LACKED SUBJECT MATTER JURISDICTION
    UNDER THE *ROOKER-FELDMAN* DOCTRINE ...........................................6

    POINT II

    APPELLANT'S CLAIMS ARE NOT EXCEPTED
    FROM *ROOKER-FELDMAN* ..................................................................9

CONCLUSION ........................................................................................................12

130944209v1 0948087

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Close v. New York*,
   125 F.3d 31 (2d Cir. 1997) ...................................................................................6

*Cohen v. New York*,
   481 Fed. Appx. 696 (2d Cir. 2012) ......................................................................9

*Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005) ....................................6

*Green v. Mattingly*,
   585 F.3d 97 (2d Cir. 2009) ..................................................................................7

*Hachamovitch v. DeBuono,*
   159 F.3d 687 (2d Cir. 1998) ..............................................................................11

*Hoblock v. Albany County Bd. of Elections,*
   422 F.3d 77 (2d Cir. 2005) ..................................................................................8

*International Fidelity Ins. Co. v. City of New York*,
   263 F. Supp. 2d 619 (E.D.N.Y. 2003) ...............................................................10

*Johnson v. Smithsonian Inst.*,
   189 F.3d 180 (2d Cir. 1999) ................................................................................9

*Kropelnicki v. Siegel*,
   290 F.3d 118 (2d Cir. 2002) .............................................................6, 9, 10, 11

*Morrison v. City of New York*,
   591 F.3d 109 (2d Cir. 2010) ................................................................................7

*Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*,
   896 F.2d 674 (2d Cir. 1990) ................................................................................5

*Sindone v. Kelly,*
   439 F. Supp. 2d 268 (S.D.N.Y. 2006) .................................................................8

130944209v1 0948087

*Vargas v. City of New York*,
   377 F.3d 200 (2d Cir. 2004) ................................................................................10

## **Federal Statutes**

28 U.S.C. § 1257.......................................................................................................6

## **State Statutes**

CPLR § 5015.....................................................................................................10, 11

CPLR § 5015(a)(3)..................................................................................................10

## **Federal Rules**

Fed. R. Civ. P. 12(b)(1)....................................................................................1, 2, 5

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 5

# **PRELIMINARY STATEMENT**

This suit arises from Appellant Swinton Brown's ("Brown" or "Appellant") attempt to assert rights to real property located at 17 Santam Court, Bay Shore, New York, 11706 (the "Property"), which have been extinguished due to a State Court judgment of foreclosure and sale entered on January 14, 2013. In an attempt to do an end run around the State Court judgment, Brown brought the instant suit in the Eastern District of New York, seeking to vacate the foreclosure judgment on grounds of "fraud, conversion, trespass, fraudulent conveyance of language, financial crime and deceptive unfair lending practice[s]." Appellee Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-1, Asset-Backed Certificates, Series 2007-6 ("Appellee" or "WFBNA"), moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. On May 8, 2014, the District Court (Feuerstein, J.) granted WFBNA's motion to dismiss pursuant to 12(b)(1) and found that, since the Court lacked subject matter jurisdiction, it need not reach WFBNA's 12(b)(6) argument.

On appeal, Brown continues to assert that "Appellees [] conspired to defraud Appellant out of his real and personal property from a foreclosure judgment and sale based upon mortgage fraud[.]" Appellant's Brief ("App. Br.") at 7. Because

1

the District Court properly found that such claims were precluded under the *Rooker-Feldman* doctrine, this Court should affirm the dismissal of the Complaint.

## STATEMENT OF ISSUES

1.  Whether the District Court properly dismissed Brown's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## STATEMENT OF THE CASE

On June 6, 2013, Brown filed suit in the Eastern District of New York, essentially appealing a state judgment of foreclosure and sale. Supplemental Appendix ("SA"), at 1[1]. The District Court granted WFBNA's motion to dismiss on May 8, 2014. SA 261-66. Judgment was entered on May 12, 2014, and an amended judgment was entered on June 16, 2014.[2] SA 267-68. Brown now appeals from the amended District Court order and judgment. SA 66.

## SUMMARY OF ARGUMENT

The District Court properly applied the *Rooker-Feldman* doctrine and found that Brown's Complaint lacked subject matter jurisdiction pursuant to 12(b)(1). Although Brown alleges that the State Court judgment of foreclosure was obtained

---

[1] Pursuant to Local Rule 30.1, Appellee WFBNA has submitted a supplemental appendix for the Court's consideration, as Appellant did not file a joint appendix.

∗∗

[2] On May 12, 2014, the District Court entered an order granting Defendants Richard A. Gerbino and Adam Speregen's Motion to Dismiss. Brown then noticed an appeal of the May 12, 2014 order. On June 16, 2014, the District Court entered an amended order granting the motions to dismiss of all Defendants. Brown then filed an Amended Notice of Appeal of the June 16, 2014 order.

through fraudulent means, there is no blanket "fraud" exception to *Rooker-Feldman*. Brown's current claims are inextricably intertwined with the State Court decision, and he had a full and fair opportunity to raise his fraud claims in state court.

## STATEMENT OF FACTS

Brown resides at the Property. SA 1-14. On March 16, 2007, Brown and his wife, Maria, executed a mortgage in the amount of $409,500 on the Property, which was subsequently assigned to WFBNA. SA 172. The Browns defaulted on their mortgage on November 1, 2009.

On March 24, 2010, a foreclosure proceeding was commenced against Swinton and Maria Brown in Suffolk County Supreme Court under the following caption: *Wells Fargo Bank, N.A., As Trustee For Option One Mortgage Loan Trust 2007-6 Asset-Backed Certificates, Series 2007-6 v. Maria Brown, et. al.,* Index Number 10-11380. SA 21-72. Although Brown failed to timely file an answer or other responsive pleading to the Foreclosure Complaint, he later moved to dismiss on the basis that WFBNA lacked standing to commence the proceeding. SA 73-84.

The State Court denied the motion to dismiss the Foreclosure Complaint on January 14, 2011, noting that the documentary evidence reflected that the "mortgage was assigned to WFBNA" and that "defendant has failed to dispute the

accuracy of the documentary evidence, which demonstrates that the plaintiff has standing to prosecute the instant action. It is also noted that the defendant has not denied that he executed the subject note and mortgage, or that he is in default of same." SA 85-86. By motion dated May 18, 2011, Brown sought renewal and reargument of the January 14, 2011 Order, which the State Court denied on September 12, 2011. SA 88-105. On May 14, 2012, the State Court issued an Order of Reference in Mortgage Foreclosure and appointed Steven R. Schlesinger, Esq. as referee. SA 106-08.

On December 10, 2012, the State Court granted a Judgment of Foreclosure and Sale against Brown, which was entered on January 14, 2013. SA 109-16. On December 31, 2012, Brown filed an Order to Show Cause, seeking to set aside the sale of the property on the grounds that the appointed referee failed to state the correct amount of the mortgage owed in reference to his report. SA117-165. On May 30, 2013, the Court denied Brown's request for relief, stating that "[a] review of the report does not show the computation of the Referee to be inaccurate, nor has the defendant submitted any credible evidence to dispute any portion of the Referee's report." SA 166-67.

Appellant commenced the instant action in the Eastern District of New York with the filing of a Summons and Complaint on June 6, 2013. SA 1-14. Although difficult to follow, the Complaint in essence sought to vacate the judgment of

foreclosure entered in the State Court action on January 14, 2013. Brown asserted an array of inflammatory and inapplicable state and federal claims and alleged that Defendants were engaged in a conspiracy to "steal any and all equity from the Home Ownership of the Plaintiff," such that they fraudulently obtained a judgment of foreclosure in the State Action. SA 1, 9.

On July 21, 2013, WFBNA moved to dismiss the complaint pursuant to the *Rooker-Feldman* doctrine and *res judicata*. On May 8, 2014, the District Court granted WFBNA's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), finding that the Court lacked subject matter jurisdiction pursuant to *Rooker-Feldman*. SA 261-66. Given the District Court's holding that it lacked subject matter jurisdiction, the Court declined to consider whether the complaint stated a claim for which relief could be granted.[3] SA 261-66.

---

[3] While Appellant argues that the District Court erred when it "overlook [sic] that it did not include 12(b)(6) fail [sic] to state a claim where relief can be granted, within its Opinion and Order[,]" it is well-established that a court "should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (citation omitted).

# ARGUMENT

## POINT I

### THE DISTRICT COURT PROPERLY FOUND THAT IT LACKED SUBJECT MATTER JURISDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE

In an appeal from a District Court's dismissal for lack of subject matter jurisdiction, this Court reviews "factual findings for clear error and legal conclusions *de novo*." *Close v. New York*, 125 F.3d 31, 35 (2d Cir. 1997). Thus, the standard of review in this case is *de novo* because the District Court dismissed on purely legal grounds. Under *Rooker-Feldman*, federal courts lack subject-matter jurisdiction over actions that essentially seek appellate review of a state court decision. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005). "The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (citations omitted). The Supreme Court specifically noted that the doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284.

Consistent with this principle, a district court must dismiss a claim under *Rooker-Feldman* for lack of subject matter jurisdiction if four requirements are met: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must 'invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'" *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citations and internal quotation marks omitted). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *Morrison v. City of New York*, 591 F.3d 109, 112 (2d Cir. 2010).

In finding that it lacked subject matter jurisdiction, the District Court first noted that "[t]he procedural requirements of the doctrine . . . have been met. Plaintiff 'lost' in State Court when the court granted the Judgment of Foreclosure and Sale against Brown and in favor of Wells Fargo on December 10, 2012. The complaint in this action was filed on June 6, 2013, i.e., after the State Court rendered judgment." SA 264. The District Court's conclusion that the procedural requirements are met cannot be disputed.

The District Court also found that the "substantive" elements of the *Rooker-Feldman* doctrine were satisfied. SA264-265. In so holding, the District Court

noted that "[e]lement two (2), the causal requirement, is satisfied 'where, as in Feldman, the state court itself is the decision-maker whose action produces the injury.'" SA264 (*citing Sindone v. Kelly*, 439 F. Supp. 2d 268, 272 (S.D.N.Y. 2006); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005)). The District Court found dispositive that Brown complained "of an injury allegedly caused by the state court's Judgment of Foreclosure and Sale" and asked the District Court to "void, cancel, extinguish and release the Mortgage lien[,]" and to "release, vacate, quash, abate, dismiss, discharge judgment pending on the Mortgage loan." SA 265. Again, the District Court's analysis of the causation element is unassailable. Brown is aggrieved by the State Court Judgment and seeks to have this Court undo it and relieve him of the obligations of his mortgage.

Lastly, the District Court held that the final substantive element, "i.e., whether plaintiff's claims invite the district court to review and reject the state court judgment," was satisfied because in order "[t]o find in favor of plaintiff with respect to the state court's final judgment, the Court would have to review and reject the facts and law upon which the judgment rests. Such review is barred by *Rooker-Feldman*." SA 265. The District Court's analysis is consistent with this Court's previous holding that claims arising from injuries resulting from "state foreclosure [are] barred from district court review by the *Rooker-Feldman*

doctrine[,]" *Cohen v. New York*, 481 Fed. Appx. 696, 697 (2d Cir. 2012). Accordingly, the District Court's dismissal of the Complaint should be affirmed.

## POINT II

### APPELLANT'S CLAIMS ARE NOT EXCEPTED FROM *ROOKER-FELDMAN*

Brown argues that "his Verified Complaint for Declaratory Judgment meets the qualifications and criteria for [sic] fraud exception to *Rooker-Feldman* doctrine preclusion due to the fact that Appellant assertions within the Complaint is [sic] independent of the Foreclosure litigation issues and is not inextricably intertwined in content or scope[.]" App. Br. at 9. Brown's argument is incorrect. As an initial matter, the Second Circuit "has never recognized a blanket fraud exception to *Rooker-Feldman*." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 186-87 (2d Cir. 1999). This Court has found that a fraud exception is unnecessary where a statutory avenue exists to open a fraudulently obtained state court judgment on the basis of fraud. *Kropelnicki,* 290 F.3d at 118. In *Kropelnicki*, a debtor brought an action under state and federal consumer protection statutes to recover damages from what was claimed to be a fraudulently obtained default judgment. The *Kropelnicki* Court noted that the debtor had a full and fair opportunity to raise her claims in state court because "Connecticut law allows for any judgment obtained through fraudulent means to be opened at any time. Accordingly, Connecticut law afforded [borrower] ample opportunity to raise her misrepresentation claim." *Id*. at

9

129. Similarly, New York allows for a judgment obtained through fraudulent means to be opened at any time. *See* CPLR 5015(a)(3). Courts in this Circuit have applied *Kropelnicki* and found that failure to "seek relief . . . pursuant to § 5015 is of no significance . . . the mere statutory avenue for a petition to open the judgment [is] sufficient to provide an opportunity to raise the claims asserted in federal court." *International Fidelity Ins. Co. v. City of New York*, 263 F. Supp. 2d 619, 631 (E.D.N.Y. 2003).

Accordingly, "the *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki*, 290 F.3d at 128. "[A]t a minimum, [inextricably intertwined means federal courts may not exercise jurisdiction] where a federal plaintiff had an opportunity to litigate a claim in a state proceeding[.]" *Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004). Additionally, an individual "must show some factor independent of the actions of the opposing party that precluded [him or her] from raising [their] federal claims." *Kropelnicki*, 290 F.3d at 128 (citation omitted). To hold otherwise "would effectively declare the state court judgment fraudulently procured and thus void. . . . The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in

the reversal or modification of a state court judgment.'" *Id*. at 129 (*quoting Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998)).

In this case, Brown had the opportunity to litigate in state court. Instead, he failed to answer or otherwise respond to the initial state court pleading. He later unsuccessfully moved to dismiss the Foreclosure Complaint, but never raised any claims of fraud. The record is devoid of any attempt by Brown to avail himself of CPLR § 5015 and seek relief from the foreclosure on the basis of fraud. Furthermore, Brown has not even attempted to demonstrate that his failure to challenge the foreclosure on the basis of fraud or raise his federal claims in state court was caused by some "factor independent of the actions of the opposing party[.]" *Kropelnicki*, 290 F.3d at 128. Instead, he has attempted to launch an improper collateral attack on the State Court Judgment, precisely the result that *Rooker-Feldman* prohibits. Because his claims in the instant action are inextricably intertwined with the State Court's findings, the District Court properly dismissed Brown's Complaint.

## **CONCLUSION**

For the foregoing reasons, Appellee WFNBA respectfully requests that the District Court's order and decision be affirmed.

HINSHAW & CULBERTSON LLP

By: *s/Concepcion A. Montoya*
    Concepcion A. Montoya
    Schuyler B. Kraus
    800 Third Avenue, 4th Floor
    New York, New York 10022
    (212) 471-6200

130944209v1 0948087

CERTIFICATION PURSUANT TO
Fed. R. App. P. 32(a)(7)(B) and (C)

      The undersigned hereby certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and (C) because the brief contains 2,608 words of text.

      The brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed.R.App.P.32(a)(6) because this brief was prepared in a proportionally spaced typeface using Microsoft Word 2007, Times New Roman, Size 14.

Dated: December 1, 2014

                                                            _____/s/_____
                                                                By: Concepcion A. Montoya

*db*